IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONARD RIVERA,

       Plaintiff,

v.                                                                                      CIV 16-0048 RB/KBM

NANCY A BERRYHILL,
Acting Commissioner of Social Security,[1]

       Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER came before the Court on the Proposed Findings and Recommended Disposition (PF&RD) by Chief Magistrate Judge Karen B. Molzen (*Doc. 29*) filed on January 27, 2017. The Court has reviewed Plaintiff Leonard Rivera's Objections thereto (*Doc. 32*), filed on February 9, 2017, and Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (*Doc. 33*), filed on February 23, 2017. Having conducted a *de novo* review, this Court overrules Plaintiff's objections, will adopt the recommendation of the Chief Magistrate Judge and will deny Plaintiff's Motion to Remand or Reverse (*Doc. 21*).

**I. Standard of Review**

When resolving objections to a magistrate judge's proposal, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is therefore substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a *de novo* review of a party's timely, specific objections to the magistrate judge's report. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

## II. **Background**[2]

Plaintiff's applications for Social Security benefits were denied at both the initial and reconsideration levels, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). ALJ Michelle Lindsay conducted a hearing and determined that Plaintiff was not disabled. After the Appeals Council denied review, Plaintiff appealed ALJ Lindsay's decision to this Court. Plaintiff obtained a remand, and a second hearing was held before ALJ Deborah Rose.

ALJ Rose again determined that Plaintiff is not disabled, finding that he maintains the residual functional capacity ("RFC") to "[p]erform less than the full range of light, and sedentary work" with various restrictions, including that "[h]e must use a cane for all his standing and walking[, and] would need to alternate between sitting and standing as needed, about every ten to thirty minutes." *AR* at 354. ALJ Rose employed this RFC at

---

[2] In the PF&RD, the Magistrate Judge presents a more detailed description of the facts and procedural posture (*Doc. 29* at 1-4). Only those portions relevant to Plaintiff's objections are described here.

step five of the sequential evaluation process[3] to find that Plaintiff retains the ability to work as a mail sorter, office helper, or order clerk. *AR* at 364. Plaintiff appealed that decision to this Court.

In her PF&RD, Chief Magistrate Judge Molzen recommends that this Court find that: ALJ Rose did not misstate the burden of proof at step five; the ALJ's hypothetical question to the Vocational Expert ("VE") corresponds with Plaintiff's RFC, as required by case law; the VE's testimony was neither unacceptably vague nor confusing; the ALJ's decision was in accord with *Haddock v. Apfel* and SSR 00-4P; there is no conflict with the Dictionary of Occupational Titles ("DOT"); and, the VE and ALJ reasonably relied upon the DOT. *Doc. 29* at 4-21. Plaintiff objects and asserts that the Chief Magistrate Judge incorrectly determined that ALJ Rose applied the correct burden of proof at step five and "Fail[ed] to Properly Analyze or Develop the Issue of Bilateral Handling and Fingering." *Doc. 32* at 1-5.

### III. Analysis

    **A. The Burden of Proof at Step Five**

Plaintiff objects to the Magistrate Judge's conclusion that ALJ Rose correctly stated and applied the burden of proof at step five of the sequential evaluation process. "If the ALJ concludes that the claimant cannot perform any of his past work with his

---

[3] The Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Step one requires the claimant to show that he is not engaged in substantial gainful activity. At step two, the claimant must establish that he has a severe medically determinable impairment. At step three, the claimant must establish that his impairment meets or equals the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. If the claimant does not meet a so-called "listing" the process proceeds to step four, where the claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant meets this burden, the burden shifts to the Commissioner at step five to establish that the claimant can make an adjustment to other work.

remaining RFC, the ALJ bears the burden at step five to show that there are jobs in the regional or national economies that the claimant can perform with the limitations the ALJ has found him to have." *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999). In legal terms, this is a burden of proof. *See Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000). However, the ALJ is "not responsible for providing additional evidence about [a claimant's] residual functional capacity because [the agency] will use the same residual functional capacity assessment that [it] used to determine if [the claimant] can do [his] past relevant work[]" at step four. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *see also Jones v. Apfel*, 202 F.3d 282 (10th Cir. 2000) (unpublished) ("If the evaluation of the claim proceeds to step five, the same RFC finding is considered along with other factors to determine whether the claimant can perform work other than his or her past relevant work.") (citations omitted).

When discussing step five, ALJ Rose stated that "[a]lthough the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration." *AR* at 347. In opposing this premise and the Magistrate Judge's conclusion that it is a correct statement of the law, Plaintiff argues that "[t]he Commissioner has the entire burden of proof at step five, not the 'limited' one expressed in the prologue to the ALJ decision (AR 20). . . ." *Doc. 32* at 1.

While not intentionally so, Plaintiff's opening statement on this issue is telling. The cited page 20 of the administrative record is not from ALJ Rose's decision; it is from ALJ Lindsay's decision after Plaintiff's first administrative hearing. *Compare AR* at 20 *with id.* at 347. Plaintiff's mistake is understandable; the language he complains about is

4

substantively identical and present in the "Applicable Law" sections of both decisions. *See id.* It appears that ALJs are uniformly employing this language, ostensibly at the direction of the Social Security Administration.

Of course, simply because multiple ALJs are using this language does not make it correct. But, as the Magistrate Judge pointed out, the language has "an established legal basis" in 68 Fed. Reg. 51153-01. *Doc. 29* at 5-6 (citing *Jahn v. Astrue*, CIV 10-0771 RHS, *Doc. 28* at 10 (D.N.M. June 27, 2011). This document, entitled "Clarification of Rules Involving Residual Functional Capacity Assessments; Clarification of Use of Vocational Experts and Other Sources at Step 4 of the Sequential Evaluation Process; Incorporation of 'Special Profile' into Regulations," explains that the Commissioner's burden at step five is "limited" because it is simply a shift in the burden of proof. *See* 68 Fed. Reg. 51153-01, 2003 WL 22001943. Whereas the claimant has the burden of providing evidence supporting his RFC throughout the sequential evaluation process, at step five, the Commissioner "must provide evidence that demonstrates that jobs exist in significant numbers in the national economy that [the claimant] can do[.]" *Id.* Thus, while the Commissioner has a burden of production of evidence at step five, "the ultimate burden of persuasion to prove disability, however, remains with [the claimant]." *Id.*

Plaintiff does not explain why the Magistrate Judge was wrong in relying on 68 Fed. Reg. 51153-01 in reaching her decision. Moreover, while the Tenth Circuit has not addressed the issue, other circuits have explicitly stated that the Commissioner's burden at step five is a limited one. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("We agree in any event with the Commissioner that new regulations abrogate the *Curry v. Apfel* standard of review and clarify that there is only a limited burden shift

to the Commissioner at step five.") (citing 20 C.F.R. § 404.1560(c)(2)); *see also Bellew v. Acting Com'r of Soc. Sec.*, 605 F. App'x 917, 930 (11th Cir. 2015) (unpublished) ("The claimant bears the burden of proving that he is disabled and, thus, is responsible for producing evidence to support his claim. . . Nonetheless, the Commissioner has a limited burden at step five to show the existence of a significant number of jobs that the claimant can perform.") (citing 20 C.F.R. § 416.920(A)(4)(v)). The Court therefore agrees with the Magistrate Judge's conclusion that the ALJ's statement of the burden of proof at step five was not incorrect.

Plaintiff also seems to argue that the ALJ and Magistrate Judge's decision to employ only a "limited burden" at step five amounts to shifting the burden of production back to the claimant. *See Doc. 32* at 2. Plaintiff cites nothing in support of this argument other than *Haddock,* and his reliance on that decision is misplaced. There the Tenth Circuit held "that before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Haddock*, 196 F.3d at 1087. That is exactly what the ALJ did in this case. *See AR* at 412. Therefore, "Plaintiff's argument that the ALJ failed to shift the burden to the agency at step five is without merit." *Jones*, 202 F.3d at 282.

**B. Bilateral Handling and Fingering**

Plaintiff argued before the Magistrate Judge that the jobs identified by the VE do not account for his inability to handle and finger bilaterally while he is standing or walking and using his cane. The Magistrate Judge disagreed, finding that none of the

jobs identified *require* bilateral handling and fingering, and to the extent that any handling or fingering is necessary, Plaintiff is able to complete such tasks while seated. *See Doc. 29* at 18 (citing the Dictionary of Occupational Titles ("DOT") descriptions for the three jobs identified). Plaintiff objects to these conclusions.

Relying on SSR 96-9p, Plaintiff argues that "[m]ost unskilled sedentary jobs required good use of both hands and fingers; i.e. bilateral manual dexterity." *Doc. 32* at 3. Yet only one of the three jobs identified by the VE is sedentary. *See AR* at 364. Moreover, SSR 96-9p recognizes that when there is a limitation to an individual's ability to handle and finger bilaterally "it may be useful to consult a vocational resource." *See* 1996 WL 374185 at *8. This is exactly what the ALJ did in this case when she asked the VE to identify jobs within Plaintiff's RFC.

Plaintiff next argues that the Magistrate Judge improperly assumed that the requirements of the identified jobs could be done one-handed or while Plaintiff is seated. But the Magistrate Judge did not make this assumption, the VE did when she identified the three jobs at issue. This Court agrees with the Magistrate Judge's assessment that the VE was aware of all of Plaintiff's limitations when she testified that he could complete the requirements of these jobs. As the Magistrate Judge noted, "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." SSR 00-4p, 2000 WL 1898704 at *3. Thus, the VE's testimony that Plaintiff can perform these jobs despite his limitations constitutes substantial evidence supporting the Commissioner's decision to deny

benefits. *See Doc. 29* at 19 (citing *Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007) (unpublished); *Tollett v. Barnhart*, 60 F. App'x 263 (10th Cir. 2003) (unpublished); *Newburn v. Barnhart*, 62 F. App'x 300 (10th Cir. 2003) (unpublished); *Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990)).

## IV. Conclusion

The ALJ applied the correct burden of proof at step five of the sequential evaluation process, and the VE's testimony is substantial evidence in support of the ALJ's finding that Plaintiff maintains the ability to work despite his RFC.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's objections are overruled, the Court adopts the Chief Magistrate Judge's recommendations and denies Plaintiff's Motion to Reverse or Remand *(Doc. 21)*. The Court will enter a final order pursuant to Rule 58 of the Federal Rules of Civil Procedure affirming the decision of the Acting Commissioner.

_____
UNITED STATES DISTRICT JUDGE